IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUNIPER NETWORKS, INC., a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. |
| PALO ALTO NETWORKS, INC., a Delaware corporation, | ) ) ) ) | DEMAND FOR JURY TRIAL |
| Defendant. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Juniper Networks, Inc. ("Juniper") hereby asserts the following claims for patent infringement against Defendant Palo Alto Networks, Inc. ("PAN"), and alleges as follows:

## NATURE OF ACTION

1. Plaintiff Juniper is a leader in computer networking. In particular, Juniper has pioneered innovations in firewall technology, an integral component to safe and secure computer networking. Firewalls are designed to permit or deny network transmissions based upon a set of rules, and are frequently used to protect networks from unauthorized access while permitting legitimate communications to pass. As such, firewalls are critical to running secure networks.

2. Juniper has developed and owns significant intellectual property relating to firewall technology, including the six patents at issue in this action: U.S. Patent No. U.S. Patent No. 8,077,723; U.S. Patent No. 7,779,459; U.S. Patent No. 7,650,634; U.S. Patent No. 7,302,700; U.S. Patent No. 7,093,280; and U.S. Patent No. 6,772,347 (the "patents-in-suit"), all of which relate to core aspects of firewall technology. The innovations of these patents are, among other things, important for efficiently protecting computer networks from dangerous

incoming communications and from individuals attempting to gain unauthorized access to the computer networks.

3. This is a civil action for the willful infringement of the patents-in-suit by Defendant PAN, a company founded by several former high-level employees of Juniper to compete against Juniper. As detailed further below, PAN's founders and key executives include Nir Zuk and Yuming Mao. Zuk and Mao are acutely aware of the patents-in-suit and the significance of the patented inventions to firewall technology because Zuk and Mao personally worked on the technology and participated in prosecution of one or more of the patents-in-suit when they were executives at NetScreen Technologies, Inc. ("NetScreen"), the predecessor to Juniper's current security business unit.

4. In the largest acquisition in its history, Juniper paid approximately $4 billion to acquire NetScreen and its intellectual property, personally enriching Zuk and Mao through their equity interests in NetScreen. Shortly thereafter, Zuk and Mao left to form PAN as a competitor to Juniper. Zuk and Mao then incorporated into PAN's products the very technologies they learned about—and helped to develop and patent—while at NetScreen and Juniper.

5. PAN now has begun to use Juniper's own patented technology to compete against Juniper, and is publicly claiming that it plans to grow at a rapid pace in markets pioneered by Juniper products.

## THE PARTIES

6. Plaintiff Juniper is a corporation organized and existing under the laws of the State of Delaware, with customers throughout the United States including many incorporated

in this judicial district, and with its corporate headquarters located at 1194 North Mathilda Avenue, Sunnyvale, California.

7. On information and belief, Defendant PAN is a corporation organized and existing under the laws of the State of Delaware, with customers throughout the United States including many incorporated in this judicial district, and with its corporate headquarters located at 3300 Olcott Street, Santa Clara CA.

## JURISDICTION AND VENUE

8. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, including 35 U.S.C. § 271.

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and § 1338(a).

10. This Court has personal jurisdiction over Defendant PAN because, among other reasons, PAN is incorporated in Delaware, and has availed itself of the benefits and protections of Delaware law.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) - (c) and 1400(b), because, among other reasons, Defendant PAN is subject to personal jurisdiction in this judicial district and PAN is incorporated in Delaware.

## FACTUAL BACKGROUND

12. Juniper was founded in 1996 to design, develop, and sell innovative high-performance network infrastructure products. Juniper offers its customers a broad product portfolio that spans routing, switching, security, application acceleration, and identity policy and control. These products are designed to provide data security, performance, choice, and flexibility while reducing overall total costs of running computer networks. In just 15 years,

Juniper has become a leader in secure and efficient networking. In addition, through strong industry partnerships, Juniper has fostered path-breaking innovation in the field of computer networks.

13.   Juniper's growth and success have been driven by innovative development as well as by intelligent acquisitions. The largest acquisition in Juniper's history took place on April 16, 2004, when it acquired NetScreen for approximately $4 billion. In connection with this acquisition, Juniper acquired NetScreen's intellectual property. At the time, NetScreen was regarded as an industry innovator that had successfully developed high-end network security devices for enterprise and mid-sized companies. An important part of the NetScreen intellectual property portfolio that Juniper acquired was the then-pending NetScreen patent applications, including several that matured into the patents-in-suit. Zuk, the former Chief Technology Officer of NetScreen, and Mao, a former engineering architect at NetScreen, helped develop— and, in fact, are named inventors or co-inventors on—the patents-in-suit.

14.   After NetScreen became part of Juniper in 2004, Zuk and Mao, respectively, served as Juniper's Chief Security Technologist and Chief Architect of security products. Less than two years after the acquisition, however, they left Juniper to form PAN. Zuk and Mao subsequently recruited other Juniper employees to help them in their efforts to turn PAN into a competitor to Juniper. Recently, PAN has relied increasingly on former Juniper employees to sell its products that are powered by Juniper's intellectual property.

15.   At the time that Zuk and Mao decided to build a new company based on Juniper's technology, they were well aware of the patents-in-suit upon which they were named inventors, and which they knew were part of the valuable intellectual property that Juniper acquired when NetScreen became part of Juniper. Zuk and Mao nonetheless made the decision

to develop and market products at PAN that practice the very inventions to which they were exposed, and indeed helped develop, when they worked for NetScreen and Juniper.

### FIRST CLAIM FOR PATENT INFRINGEMENT

**Infringement of U.S. Patent No. 8,077,723**

16. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

17. United States Patent No. 8,077,723 (the "'723 patent"), entitled, "Packet Processing in a Multiple Processor System," was duly and legally issued on December 13, 2011. Juniper is the owner by assignment of all rights to, title to, and interest in the '723 patent. A copy of the '723 patent is attached as Exhibit A.

18. PAN has infringed and is currently infringing the '723 patent in violation of 35 U.S.C. § 271, by making, using, selling and/or offering for sale products that infringe the '723 patent, including PAN's PA-5000 Series Firewalls, PA-4000 Series Firewalls, PA-2000 Series Firewalls, PA-500 Firewall, and PA-200 Firewall.

19. PAN has also infringed and is infringing the '723 patent by actively inducing infringement of the '723 patent and/or contributorily infringing the '723 patent. PAN has sold, caused to be sold, or offered to sell, through intermediaries, as an intermediary, or otherwise, the above-referenced products to third parties that then used the products to infringe the '723 patent. These products have no substantial non-infringing use. Moreover, PAN knew that these products infringed the '723 patent and intended that third parties using those products would infringe the '723 patent. One fact, among others, that evidences PAN's knowledge and intent is that Nir Zuk and Yuming Mao, co-founders of PAN, are the inventors of the '723 patent.

20. PAN's acts of infringement of the '723 patent have caused damage to Juniper, and Juniper is entitled to recover damages from PAN. Moreover, unless enjoined from continuing infringement of the '723 patent, PAN will continue to harm Juniper's interests, causing Juniper irreparable injury as a result of PAN's conduct.

21. PAN's infringement of the '723 patent has been and continues to be willful and deliberate, entitling Juniper to increased damages under 35 U.S.C. § 284 and reasonable attorneys' fees under 35 U.S.C. § 285.

## SECOND CLAIM FOR PATENT INFRINGEMENT

### Infringement of U.S. Patent No. 7,779,459

22. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

23. United States Patent No. 7,779,459 (the "'459 patent"), entitled, "Method and Apparatus for Implementing a Layer 3/Layer 7 Firewall in an L2 Device," was duly and legally issued on August 17, 2010. Juniper is the owner by assignment of all rights to, title to, and interest in the '459 patent. A copy of the '459 patent is attached as Exhibit B.

24. PAN has infringed and is currently infringing the '459 patent in violation of 35 U.S.C. § 271, by making, using selling and/or offering for sale products that infringe the '459 patent, including PAN's PA-5000 Series Firewalls, PA-4000 Series Firewalls, PA-2000 Series Firewalls, PA-500 Firewall, and PA-200 Firewall.

25. PAN has also infringed and is infringing the '459 patent by actively inducing infringement of the '459 patent and/or contributorily infringing the '459 patent. PAN has sold, caused to be sold, or offered to sell, through intermediaries, as an intermediary, or otherwise, the above-referenced products to third parties that then used the products to infringe

the '459 patent. These products have no substantial non-infringing use. Moreover, PAN knew that these products infringed the '459 patent and intended that third parties using those products would infringe the '459 patent. One fact, among others, that evidences PAN's knowledge and intent is that Yuming Mao, co-founder of PAN, was an inventor of the '459 patent.

26. PAN's acts of infringement of the '459 patent have caused damage to Juniper, and Juniper is entitled to recover damages from PAN. Moreover, unless enjoined from continuing infringement of the '459 patent, PAN will continue to harm Juniper's interests, causing Juniper irreparable injury as a result of PAN's conduct.

27. PAN's infringement of the '459 patent has been and continues to be willful and deliberate, entitling Juniper to increased damages under 35 U.S.C. § 284 and reasonable attorneys' fees under 35 U.S.C. § 285.

## THIRD CLAIM FOR PATENT INFRINGEMENT
### Infringement of U.S. Patent No. 7,650,634

28. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

29. United States Patent No. 7,650,634 (the "'634 patent"), entitled, "Intelligent Integrated Network Security Device," was duly and legally issued on January 19, 2010. Juniper is the owner by assignment of all rights to, title to, and interest in the '634 patent. A copy of the '634 patent is attached as Exhibit C.

30. PAN has infringed and is currently infringing the '634 patent in violation of 35 U.S.C. § 271, by making, using selling and/or offering for sale products that infringe the '634 patent, including PAN's PA-5000 Series Firewalls, PA-4000 Series Firewalls, PA-2000 Series Firewalls, PA-500 Firewall, and PA-200 Firewall.

31. PAN has also infringed and is infringing the '634 patent by actively inducing infringement of the '634 patent and/or contributorily infringing the '634 patent. PAN has sold, caused to be sold, or offered to sell, through intermediaries, as an intermediary, or otherwise, the above-referenced products to third parties that then used the products to infringe the '634 patent. These products have no substantial non-infringing use. Moreover, PAN knew that these products infringed the '634 patent and intended that third parties using those products would infringe the '634 patent. One fact, among others, that evidences PAN's knowledge and intent is that Nir Zuk, co-founder of PAN, was the inventor of the '634 patent.

32. PAN's acts of infringement of the '634 patent have caused damage to Juniper, and Juniper is entitled to recover damages from PAN. Moreover, unless enjoined from continuing infringement of the '634 patent, PAN will continue to harm Juniper's interests, causing Juniper irreparable injury as a result of PAN's conduct.

33. PAN's infringement of the '634 patent has been and continues to be willful and deliberate, entitling Juniper to increased damages under 35 U.S.C. § 284 and reasonable attorneys' fees under 35 U.S.C. § 285.

## FOURTH CLAIM FOR PATENT INFRINGEMENT

### Infringement of U.S. Patent No. 7,302,700

34. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

35. United States Patent No. 7,302,700 (the "'700 patent"), entitled, "Method and Apparatus for Implementing a Layer 3/Layer 7 Firewall in an L2 Device," was duly and legally issued on November 27, 2007. Juniper is the owner by assignment of all rights to, title to, and interest in the '700 patent. A copy of the '700 patent is attached as Exhibit D.

36. PAN has infringed and is currently infringing the '700 patent in violation of 35 U.S.C. § 271, by making, using selling and/or offering for sale products that infringe the '700 patent, including PAN's PA-5000 Series Firewalls, PA-4000 Series Firewalls, PA-2000 Series Firewalls, PA-500 Firewall, and PA-200 Firewall.

37. PAN has also infringed and is infringing the '700 patent by actively inducing infringement of the '700 patent and/or contributorily infringing the '700 patent. PAN has sold, caused to be sold, or offered to sell, through intermediaries, as an intermediary, or otherwise, the above-referenced products to third parties that then used the products to infringe the '700 patent. These products have no substantial non-infringing use. Moreover, PAN knew that these products infringed the '700 patent and intended that third parties using those products would infringe the '700 patent. One fact, among others, that evidences PAN's knowledge and intent is that Yuming Mao, co-founder of PAN, was an inventor of the '700 patent.

38. PAN's acts of infringement of the '700 patent have caused damage to Juniper, and Juniper is entitled to recover damages from PAN. Moreover, unless enjoined from continuing infringement of the '700 patent, PAN will continue to harm Juniper's interests, causing Juniper irreparable injury as a result of PAN's conduct.

39. PAN's infringement of the '700 patent has been and continues to be willful and deliberate, entitling Juniper to increased damages under 35 U.S.C. § 284 and reasonable attorneys' fees under 35 U.S.C. § 285.

## FIFTH CLAIM FOR PATENT INFRINGEMENT

### Infringement of U.S. Patent No. 7,093,280

40. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

41. United States Patent No. 7,093,280 (the "'280 patent"), entitled, "Internet Security System," was duly and legally issued on August 15, 2006. Juniper is the owner by assignment of all rights to, title to, and interest in the '280 patent. A copy of the '280 patent is attached as Exhibit E.

42. PAN has infringed and is currently infringing the '280 patent in violation of 35 U.S.C. § 271, by making, using selling and/or offering for sale products that infringe the '280 patent, including PAN's PA-5000 Series Firewalls, PA-4000 Series Firewalls, PA-2000 Series Firewalls, PA-500 Firewall, and PA-200 Firewall.

43. PAN has also infringed and is infringing the '280 patent by actively inducing infringement of the '280 patent and/or contributorily infringing the '280 patent. PAN has sold, caused to be sold, or offered to sell, through intermediaries, as an intermediary, or otherwise, the above-referenced products to third parties that then used the products to infringe the '280 patent. These products have no substantial non-infringing use. Moreover, PAN knew that these products infringed the '280 patent and intended that third parties using those products would infringe the '280 patent. One fact, among others, that evidences PAN's knowledge and intent is that Yuming Mao, co-founder of PAN, was an inventor of the '280 patent.

44. PAN's acts of infringement of the '280 patent have caused damage to Juniper, and Juniper is entitled to recover damages from PAN. Moreover, unless enjoined from continuing infringement of the '280 patent, PAN will continue to harm Juniper's interests, causing Juniper irreparable injury as a result of PAN's conduct.

45. PAN's infringement of the '280 patent has been and continues to be willful and deliberate, entitling Juniper to increased damages under 35 U.S.C. § 284 and reasonable attorneys' fees under 35 U.S.C. § 285.

## SIXTH CLAIM FOR PATENT INFRINGEMENT

### Infringement of U.S. Patent No. 6,772,347

46. The allegations in the foregoing paragraphs of this Complaint are incorporated by reference herein as if restated and set forth in full.

47. United States Patent No. 6,772,347 (the "'347 patent"), entitled, "Method, Apparatus and Computer Program Product for a Network Firewall," was duly and legally issued on August 3, 2004. Juniper is the owner by assignment of all rights to, title to, and interest in the '347 patent. A copy of the '347 patent is attached as Exhibit F.

48. PAN has infringed and is currently infringing the '347 patent in violation of 35 U.S.C. § 271, by making, using, selling and/or offering for sale products that infringe the '347 patent, including PAN's PA-5000 Series Firewalls, PA-4000 Series Firewalls, PA-2000 Series Firewalls, PA-500 Firewall, and PA-200 Firewall.

49. PAN has also infringed and is infringing the '347 patent by actively inducing infringement of the '347 patent and/or contributorily infringing the '347 patent. PAN has sold, caused to be sold, or offered to sell, through intermediaries, as an intermediary, or otherwise, the above-referenced products to third parties that then used the products to infringe the '347 patent. These products have no substantial non-infringing use. Moreover, PAN knew that these products infringed the '347 patent and intended that third parties using those products would infringe the '347 patent. One fact, among others, that evidences PAN's knowledge and intent is that Yuming Mao, co-founder of PAN, was an inventor of the '347 patent.

50. PAN's acts of infringement of the '347 patent have caused damage to Juniper, and Juniper is entitled to recover damages from PAN. Moreover, unless enjoined from

continuing infringement of the '347 patent, PAN will continue to harm Juniper's interests, causing Juniper irreparable injury as a result of PAN's conduct.

51. PAN's infringement of the '347 patent has been and continues to be willful and deliberate, entitling Juniper to increased damages under 35 U.S.C. § 284 and reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Juniper prays for judgment as follows:

52. That PAN has infringed, induced infringement of, and/or contributorily infringed one or more of the claims of each of the patents-in-suit;

53. That PAN and its affiliates, subsidiaries, directors, officers, employees, attorneys, agents, and all persons in active concert or participation with any of them be preliminarily and permanently enjoined from further acts of infringement, inducing infringement, and/or contributory infringement of the patents-in-suit;

54. That PAN pay Juniper damages which in no event shall be less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284;

55. That PAN be ordered to provide an accounting;

56. That PAN's infringement has been willful and that the damages will be increased under 35 U.S.C. § 284 to three times the amount found or measured;

57. That this be adjudged an exceptional case and that Juniper be awarded its reasonable attorneys' fees under 35 U.S.C. § 285;

58. That PAN be required to pay pre- and post-judgment interest on the assessed damages; and

59. That Juniper be awarded any other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Juniper hereby demands a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Plaintiff*

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Lisa S. Glasser
IRELL & MANELLA LLP
1800 Avenue of the Stars
Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010

December 19, 2011