IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JUNIPER NETWORKS, INC., )
        Plaintiff, )
         )
v. ) C.A. No. 11-1258 (SLR)
         )
PALO ALTO NETWORKS, INC., )
        Defendant. )

## ORDER

At Wilmington this ___ day of _____ 20___, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** (a) The parties will exchange by **March 26, 2012** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

(b) By **April 11, 2012**, Juniper will identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent.

(c) By **May 11, 2012**, PAN will produce the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

(d) By **June 11, 2012**, Juniper shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

(e) By **July 12, 2012**, to the extent invalidity defenses are involved in this case,[1] PAN shall produce its initial invalidity contentions for each asserted claim, a well as the allegedly invalidating references.

2. **Discovery.**

(a) The issues of willfulness and damages shall be bifurcated for purposes of discovery and trial, unless good cause is shown otherwise.

(b) Discovery will be needed on the following subjects:

Juniper's position is that discovery will be needed regarding PAN's accused products, including the architecture thereof, the design thereof, the software used therein, and the operation thereof; configuration, use, and operation of PAN's products by PAN's customers; PAN's instructions to its customers and understanding of how its customers configure, use, and operate PAN's products; and the alleged basis for PAN's affirmative defenses.

PAN's position is that discovery will be needed regarding the conception and reduction to practice of the inventions in the patents-in-suit; prior art to the patents-in-suit; any indicia of non-obviousness of the invention claimed in the patents-in-suit; information regarding any Juniper apparatus, product, device, process, method, act or other instrumentality that practices any claimed invention in the patents-in-suit including research, development, technical, and marketing information; Juniper's delay in bringing

---

[1] Juniper's motion to strike PAN's invalidity defenses is pending. D.I. 12.

suit; Juniper's litigation contentions including but not limited to its contentions as to infringement and validity; and the prosecution of the patents-in-suit;.

(c) All fact discovery shall be commenced in time to be completed by **[Plaintiff's proposal: December 14, 2012; Defendant's proposal: February 13, 2013]**.

(1) Maximum of **[Plaintiff's proposal: 40; Defendant's proposal: 25]** interrogatories by each party to any other party.

(2) In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3) Maximum of **75** requests for admission by each party to any other party, not including any requests for admission going to the authenticity or genuineness of documents, which are unlimited.

(4) Discovery of paper and electronic documents from parties (hereafter, "e-discovery") shall be completed on or before **[Plaintiff's proposal: July 12, 2012; Defendant's proposal: August 30, 2012]**. In the absence of agreement among the parties or by order of the court: (i) e-discovery shall be limited to the initial custodians identified through the D. Del. 16.1(a) meeting; (ii) e-discovery shall be limited to a term of six (6) years; (iii) on or before **June 12, 2012**, each party may request e-discovery of additional custodians or for additional years, for good cause

shown; and (iv) no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of e-discovery.

    (5) Depositions:

**[Plaintiff's proposal: a maximum of 100 hours, per party, for fact depositions.] [Defendant's proposal: a maximum of 10 fact depositions may be taken by each party as specified under Rule 30(a)(2)(A) with each fact deposition limited to the 7-hour per deposition time limit imposed by Rule 30(d)(1) and with each party having a maximum of 70 hours, for fact depositions provided that parties shall have the right to seek further depositions or an extension to that limit consistent with the Federal Rules of Civil Procedure.]**

    (d) Expert discovery shall be commenced in time to be completed by [**Plaintiff's proposal: March 30, 2013; Defendant's proposal: July 2, 2013**.]

    (1) Expert reports on issues for which the parties have the burden of proof due [**Plaintiff's proposal: January 31, 2013; Defendant's proposal: March 15, 2013.**] Rebuttal expert reports due [**Plaintiff's proposal: February 27, 2103; Defendant's proposal: April 15, 2013**]. Supplemental expert reports (to the extent applicable) due [**Plaintiff's proposal: March 15, 2013; Defendant's proposal: May 15, 2013.**]

    (2) Expert depositions to be limited to a maximum of **7 (seven)** hours per expert, unless extended by agreement of the parties.

    (3) All *Daubert* motions shall be filed on or before **August 2, 2013.**

(e) Discovery Disputes. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[2] to regulate all proceedings and take all measures necessary to manage discovery, conduct hearings on discovery disputes and rule on same. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement and/or discovery on the issues related to secondary considerations of obviousness.

(f) Fact Witnesses to be Called at Trial. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such depositions shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **September 4, 2012**.

---

[2] The court may also refer discovery disputes to a Special Master.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[3] for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on [**Plaintiff's proposal: December 1, 2012; Defendant's proposal: February 25, 2013**]. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

6. **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **April 1, 2013**, with the claim chart separately docketed. Plaintiff shall serve and file its opening brief on claim construction on or before [**Plaintiff's proposal: April 22, 2013; Defendant's proposal: April 15, 2013**]. Defendant shall serve and file its answering claim construction brief on or before [**Plaintiff's proposal: May 6, 2013; Defendant's proposal: May 15, 2013**]. Plaintiff shall serve and file its reply brief on or before [**Plaintiff's proposal: May 27, 2013; Defendant's proposal: June 3, 2013**].

---

[3] The court may also refer ADR to a Special Master.

Defendant shall serve and file its surreply brief on or before [**Plaintiff's proposal: June 10, 2013; Defendant's proposal: June 20, 2013**].

7. **Summary Judgment Motions. (only in cases where a jury demand has been made)**

(a) All summary judgment motions shall be served and filed on or before [**Plaintiff's proposal: April 15, 2013; Defendant's proposal: August 15, 2013**]. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

(b) Answering briefs or (where a cross-motion is presented) combined opening-answering briefs shall be served and filed on or before [**Plaintiff's proposal: May 20, 2013; Defendant's proposal: September 16, 2013**].

(c) Reply briefs or (where a cross-motion is presented) combined answering-reply briefs shall be served and filed on or before [**Plaintiff's proposal: June 3, 2013; Defendant's proposal: October 3, 2013**].

(d) Where cross motions are presented, a surreply brief will be permitted, to be served and filed on or before [**Plaintiff's proposal: June 10, 2013; Defendant's proposal: October 22, 2013**].

(e) The hearing on the claim construction and motion(s) for summary judgment will be heard on [**Plaintiff's proposal: August 9, 2013; Defendant's proposal: January 10, 2014**].

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and**

**requests submitted by letter or in a form other than a motion,** absent express approval by the court.

   (a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

   (b) No telephone calls shall be made to chambers.

   (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

  9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

  10. **Pretrial Conference.** A pretrial conference will be held on **[Plaintiff's proposal: November 4, 2013; Defendant's proposal: March 21, 2014]** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del LR 16.4 shall govern the pretrial conference.

  11. **Trial.** This matter is scheduled for a **10 day jury** trial commencing on **[Plaintiff's proposal: December 9, 2013; Defendant's proposal: April 14, 2014]** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.

For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
UNITED STATES DISTRICT JUDGE

5785242.1

*Juniper Networks, Inc. v. Palo Alto Networks, Inc.*
Case No. 1:11-cv-01258-SLR

**Proposed Scheduling Order Dates**

| Event | Plaintiff Date | Defendant Date |
|---|---|---|
| **Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2 Disclosures** | March 26, 2012 | March 26, 2012 |
| **Identification of accused products and the asserted patent(s) they allegedly infringe, and production of the file history for each asserted patent by Juniper** | April 11, 2012 | April 11, 2012 |
| **Production of core technical documents related to the accused product(s) by PAN** | May 11, 2012 | May 11, 2012 |
| **Identification of initial infringement contentions by Juniper** | June 11, 2012 | June 11, 2012 |
| **Deadline for requesting additional custodians or years for document production** | June 12, 2012 | June 12, 2012 |
| **Identification of initial invalidity contentions by PAN, and production of the allegedly invalidating references** | July 12, 2012 | July 12, 2012 |
| Deadline for completion of discovery of paper and electronic documents from parties | August 1, 2012 | August 30, 2012 |
| **Deadline to file joinder of other parties and for amendment of pleadings** | September 4, 2012 | September 4, 2012 |
| Exchange claim terms to be construed | December 1, 2012 | February 25, 2013 |
| Deadline for completion of fact discovery | December 14, 2012 | February 13, 2013 |
| Exchange opening expert reports | January 31, 2013 | March 15, 2013 |
| Exchange rebuttal expert reports | February 27, 2013 | April 15, 2013 |
| Exchange supplemental expert reports (to the extent applicable) | March 15, 2013 | May 15, 2013 |
| Deadline for completion of expert discovery | March 30, 2013 | July 2, 2013 |
| **File joint claim construction statement** | **April 1, 2013** | **April 1, 2013** |
| Deadline for filing summary judgment motions | April 15, 2013 | August 15, 2013 |
| File opening brief on claim construction | April 22, 2013 | April 15, 2013 |
| File responsive claim construction brief | May 6, 2013 | May 15, 2013 |
| File responsive summary judgment briefs | May 20, 2013 | September 16, 2013 |
| File reply claim construction brief | May 27, 2013 | June 3, 2013 |
| File reply summary judgment briefs | June 3, 2013 | October 3, 2013 |
| File sur-reply claim construction brief | June 10, 2013 | June 20, 2013 |
| File sur-reply summary judgment brief (if applicable, to the extent there are cross-motions) | June 17, 2013 | October 22, 2013 |
| Deadline to file Daubert motions | August 2, 2013 | August 2, 2013 |
| Hearing on claim construction and motion(s) for summary judgment | August 9, 2013 | January 10, 2014 |
| Pretrial Conference | November 4, 2013 | March 21, 2014 |
| **Trial** | December 9, 2013 | April 14, 2014 |