IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUNIPER NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1258 (SLR) |
| | ) | |
| PALO ALTO NETWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] JOINT PRETRIAL ORDER

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19801
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

OF COUNSEL:
Morgan Chu
Jonathan S. Kagan
Lisa S. Glasser
David C. McPhie
Rebecca Clifford
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276

*Attorneys for Plaintiff Juniper Networks, Inc.*

POTTER ANDERSON & CORROON LLP
Philip A. Rovner (# 3215)
Jonathan A. Choa (# 5319)
1313 North Market Street
Hercules Plaza
Wilmington, DE 19801
(302) 984-6140
provner@potteranderson.com
jchoa@potteranderson.com

OF COUNSEL:
Harold J. McElhinny
Michael A. Jacobs
Matthew I. Kreeger
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105

Daralyn J. Durie
Ryan M. Kent
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
*Attorneys for Defendant Palo Alto Networks, Inc.*

January 30, 2014

## [PROPOSED] JOINT PRETRIAL ORDER

Plaintiff Juniper Networks, Inc. ("Juniper" or "Plaintiff") and Defendant Palo Alto Networks ("PAN" or "Defendant") jointly submit this proposed Pretrial Order pursuant to D. Del. L.R. 16.3.

On February 6, 2014, at 4:30 p.m., counsel for Juniper and PAN will participate in a pretrial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, Local Rule 16.3, and this Court's April 3, 2012 Scheduling Order.

The following matters as to the liability trial in this bifurcated action, commencing on February 24, 2014, are hereby ordered by the Court.

## I.      NATURE OF THE ACTION AND PLEADINGS

1.      Juniper filed this action on December 19, 2011, alleging that PAN's products running PAN-OS directly and indirectly infringe U.S. Patent Nos. 8,077,723, 7,779,459, 7,650,634, 7,302,700, 7,093,280, and 6,772,347.  (D.I. 1).

2.      On February 9, 2012, PAN answered, denying infringement and asserting affirmative defenses.  (D.I. 9).

3.      On August 2, 2012, the Court granted in part Juniper's motion to strike PAN's affirmative defense of invalidity based on assignor estoppel, striking PAN's invalidity defense as to U.S. Patent No. 7,650,634.  (D.I. 53, 54).

4.      Pursuant to a stipulation between PAN and Juniper, Juniper amended its complaint on September 25, 2012, to omit its previously-pled claim for infringement of U.S. Patent No. 7,093,280 and to add claims for infringement of U.S. Patent Nos. 7,734,752, and 7,107,612.  (D.I. 70).

5.      On October 10, 2012, PAN answered Juniper's amended complaint, denying infringement and asserting affirmative defenses.  (D.I. 76).

6. On October 26, 2012, the parties entered into a stipulation which included the agreement that, "[p]er the reasoning set out in the Court's Memorandum Opinion (D.I. 53) and Order (D.I. 54) dated August 2, 2012, PAN's affirmative defenses of invalidity with respect to the '634 and '752 Patents are stricken." (D.I. 80).

7. PAN has not asserted any counterclaims or cross-claims in this action.

8. Subject to the Court's rulings on the pending motions for summary judgment (described in Section VIII below), the patents at issue for the purposes of the February 24, 2014 trial are U.S. Patent Nos. 8,077,723, 7,779,459, 7,650,634, 7,302,700, 6,772,347, 7,734,752, and 7,107,612 (collectively, the "Asserted Patents").

9. For purposes of trial, Juniper alleges that PAN has infringed the claims listed below, which will be referred to herein as the "Asserted Claims," of the Asserted Patents:

    a.    Claims 1, 4-5, 8-9, 11-12 of U.S. Patent No. 8,077,723;

    b.    Claims 1, 6-8, 10, 12, 17-18, 21 of U.S. Patent No. 7,779,459;

    c.    Claims 1, 5-6, 12-13, 15-16, 19, 23-24, 30-31, 33-34 of U.S. Patent No. 7,650,634;

    d.    Claims 2-5, 9, 19 of U.S. Patent No. 7,302,700;

    e.    Claims 1, 14, 16, 24 of U.S. Patent No. 6,772,347;

    f.    Claims 1, 2, 4, 6-8, 10, 13-14, 16-19, 21 of U.S. Patent No. 7,734,752; and

    g.    Claims 1, 4-8, 12-13, 22, 26-27 of U.S. Patent No. 7,107,612.

10. For purposes of the liability trial commencing on February 24, 2014, Juniper seeks judgment that PAN has infringed and continues to infringe (directly and indirectly) each of the Asserted Claims in violation of 35 U.S.C. § 271 (literally or under the doctrine of equivalents), and PAN seeks a judgment that PAN has not directly or indirectly infringed the

Asserted Claims (literally or under the doctrine of equivalents) and (subject to the Court's rulings on the pending motions for summary judgment (described in Section VIII below)), that the Asserted Claims of the '723, '459, '700, 347, and '612 patents are invalid.

11.     On August 20, 2013, and September 12, 2013, the parties filed motions for summary judgment concerning certain issues of infringement/non-infringement, assignor estoppel, and validity/invalidity. Those motions are discussed in further detail in section VIII herein, and are pending.

12.     Juniper alleges that a permanent injunction should be granted after trial and reserves the right to seek expedited discovery as necessary in connection with the injunction proceedings. PAN denies that any injunction is appropriate and reserves its position on the question of discovery.

13.     Juniper and PAN each allege that they should recover fees and costs incurred herein.

14.     Pursuant to the Court's April 3, 2012 Scheduling Order, issues of remedies and willfulness have been bifurcated for purposes of discovery and trial. Nothing herein constitutes or may be construed as a waiver of either side's positions regarding remedies or regarding Juniper's willfulness allegations. PAN contends that its Third (Laches) and Seventh (Failure to Mark) Affirmative Defenses are deferred to the remedies phase. Juniper contends that PAN's Laches defense has not been properly preserved.

## II.     BASIS FOR FEDERAL JURISDICTION

15.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., including 35 U.S.C. § 271.

16.     This Court has subject matter jurisdiction over all claims and counterclaims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a).

17.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and 1400(b).

18.     This Court has personal jurisdiction over Defendant PAN.

## III.     JOINT STATEMENT OF ADMITTED FACTS REQUIRING NO PROOF

19.     The parties admit the facts set forth below:

- Plaintiff Juniper is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters located in Sunnyvale, CA.

- Defendant PAN is a corporation organized and existing under the laws of the State of Delaware, with its corporate headquarters located in Santa Clara, CA.

- Juniper is the sole owner of each of the Asserted Patents.

- Yuming Mao is a named inventor of U.S. Patent Nos. 8,077,723, 7,779,459, 7,302,700, 6,772,347, 7,734,752, and 7,107,612.

- Nir Zuk is the named inventor of U.S. Patent No. 7,650,634.

- Nir Zuk is a named inventor of U.S. Patent Nos. 8,077,723 and 7,734,752.

- The products accused of infringement in this case are PAN's network security products running PAN-OS, which PAN sells or offers to sell in the United States under names including PA-5000 Series, PA-4000 Series, PA-3000 Series, PA-2000 Series, PA-500, and PA-200 ("Accused Products").

## IV.     STATEMENT OF ISSUES OF FACT AND LAW REMAINING TO BE LITIGATED

20.     The issues that remain to be litigated at the February 24, 2014 jury trial are listed below.  Each party reserves the right to update or modify this list to add additional factual or legal issues based upon case developments, including without limitation the Court's forthcoming Markman and Summary Judgment Orders:

- Whether Juniper has met its burden to show by a preponderance of the evidence that PAN has directly infringed any or all of the Asserted Claims, either literally or under the doctrine of equivalents.

- Whether Juniper has met its burden to show by a preponderance of the evidence that PAN has indirectly infringed any or all of the Asserted Claims, either literally or under the doctrine of equivalents.

- If assignor estoppel does not apply, whether PAN has met its burden to show by clear and convincing evidence that the asserted claims of U.S. Patent Nos. 8,077,723, 7,779,459, 7,302,700, 6,772,347, and 7,107,612 are invalid.

PAN contends that Juniper has not properly preserved any "doctrine of equivalents" positions for trial.

21. The parties incorporate by reference their legal and factual arguments as set forth in their briefs in support of and in opposition to the pending motions for summary judgment regarding infringement/non-infringement, validity/invalidity, and assignor estoppel (*see* section VIII).

## V.  THE PARTIES' PRE-MARKED TRIAL EXHIBITS

22. The parties' joint list of exhibits that they may offer at trial ("Joint Exhibit List") is attached as Exhibit A.

23. Juniper's list of exhibits that it may offer at trial is attached as Exhibit B.

24. PAN's list of exhibits that it may offer at trial is attached as Exhibit C.

25. The parties will exchange electronic copies of their respective non-demonstrative exhibits in TIFF or PDF computer file formats with any necessary load files on or before January 30, 2014.

26. The parties will exchange objections to exhibits on February 10, 2014.

27. By February 20, 2014, the parties shall exchange final exhibit lists ("Final Exhibit Lists") in accordance with the Court's Guidelines for Civil Trials (Revised July 12, 2011) (herein, "Guidelines").

28. Any demonstrative exhibits that the parties intend to use at trial do not have to be included on their respective lists of trial exhibits. The parties do not have to pre-disclose

demonstrative exhibits created in the courtroom during testimony or enlargement, highlighting, ballooning, excerption, etc. of trial exhibits or testimony. The parties shall exchange exhibits for opening statements (demonstrative or otherwise) by 5:00 p.m. (Eastern) on the evening before the first day of trial.

29.     Documents to be used solely for impeachment purposes need not be included on the trial exhibit lists. Further, PAN's position is that documents used solely for impeachment should not be displayed or provided to the jury.

30.     The parties reserve the right to offer exhibits designated by the other party, even if not introduced by the designating party. All objections to such exhibits are preserved.

31.     Legible copies of documents may be offered and received in evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of the patents-in-suit and their prosecution histories may be offered and received in evidence in lieu of certified copies thereof.

32.     The listing of a trial exhibit does not constitute an admission as to the admissibility of the trial exhibit or a waiver of any objections a party may have to use of such exhibit by the other party. Each party reserves for trial objections under FED. R. EVID. 104, 105, 401, 402, and 403 to any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

33.     The following shall be deemed to be prima facie authentic, subject to the right of any party against whom such a document is offered ("Opposing Party") to adduce evidence to the contrary or to require that the offering party provide authenticating evidence if the Opposing Party has a reasonable basis to believe the document is not authentic: (i) any document produced

from a party's files or website that bears that party's letterhead, copyright, or corporate logo; (ii) any email produced in this case from a party's files that on its face identifies as sender or recipient an employee, officer, or agent of that party; (iii) the PAN-OS source code produced by PAN in this action.[1]

## VI.     WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

34.     Juniper currently anticipates that it may call at trial, in person or by deposition, the following witnesses:

1.    Rajiv Batra

2.    Mac Chan

3.    Michael Hall

4.    Lee Klarich

5.    Scott Kriens

6.    Yuming Mao

7.    Aviel Rubin

8.    Pradeep Sindhu

9.    Stuart Stubblebine

10.   Qiang Wang

11.   Wilson Xu

12.   Nir Zuk

35.     Additionally, if foundation cannot be established by other means, Juniper reserves the right to call previously identified document foundation witnesses:  Brian Szeto (Juniper financial documents); Heidi Woods (Juniper legal documents); Representatives of Harrity &

---

[1] For purposes of this stipulation, the term "party" shall include its predecessors, parents, and affiliates (e.g., Juniper includes predecessors NetScreen and OneSecure).

Harrity, LLP (patent prosecution files); Custodian of Records of Palo Alto Networks (PAN documents); Custodian of Records of Juniper Networks (any Juniper documents not addressed by other foundation witnesses).

36.     PAN currently anticipates that it may call at trial, in person or by deposition, the following witnesses:

      1.     Rajiv Batra.

      2.     Michael Hall.

      3.     Scott Kriens.

      4.     Yuming Mao.

      5.     Mark McLaughlin.

      6.     John Mitchell.

      7.     Michael Mitzenmacher.

      8.     Pradeep Sindhu.

      9.     Dave Stevens.

      10.    Wilson Xu.

      11.    Nir Zuk.

PAN reserves the right to call any witnesses on Juniper's trial witness list. Juniper contends that PAN may not call witnesses that it did not timely disclose as PAN witnesses.

37.     The parties will exchange deposition designations by midnight Eastern on February 10, 2014, and will exchange counter-designations and objections by midnight Eastern on February 17, 2014.

38.     By no later than 5:00 pm Eastern on February 20, 2014, the parties shall exchange final witness lists ("Final List of Trial Witnesses") in accordance with the Court's Guidelines.

The final lists will include identification of which witnesses the parties expect to testify live and which they expect to testify by deposition. The parties will also identify which witnesses they "expect to call" and which witnesses they "may call."

39.     By no later than 7:00 pm two days before one or more witnesses testifies, the offering party will provide to the other party via electronic mail the names and order of the witnesses and a list of demonstratives and trial exhibits that may be used on direct examination. The offering party may, but need not, provide such a list for witnesses to be cross-examined (including any adverse witnesses called in a party's case-in-chief). The parties shall meet and confer in good faith to attempt to resolve any objections to such exhibits.

40.     The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

41.     The parties agree that any deposition testimony to be used at trial may be used whether or not transcripts of such deposition have been signed and filed pursuant to Fed. R. Civ. P. 30(b).

42.     The specific portions of any designated deposition testimony shall be read or played in page order. If a party designates deposition testimony, and the other party counter-designates deposition testimony, both the designation and the counter-designation will be read or played together, in page order omitting (unless necessary to understand the testimony) objections and colloquy. The time for such designations shall be allocated to each party accordingly (i.e., designating testimony is allocated to the designating party, while counter-designated testimony is allocated to the counter-designating party).

43.     The listing of a deposition designation or discovery response does not constitute an admission as to the admissibility of the testimony or discovery response nor is it a waiver of any applicable objection.

## VII.   BRIEF STATEMENT OF INTENDED PROOFS

44.     Plaintiff contends that during this liability phase of the litigation to be tried to a jury commencing on February 24, 2014, it will prove that Defendant's Accused Products directly and indirectly infringe the asserted claims of the patents-in-suit, literally and/or under the doctrine of equivalents, that it should be awarded its costs and expenses, and that this is an exceptional case warranting an award to Plaintiff of its attorneys' fees under and expenses under 35 U.S.C. § 285 or the Court's equitable power.  This statement is non-limiting, and does not include for example the proofs that Plaintiff will offer in rebuttal to Defendant's presentation and any defenses that Defendant may seek to present at trial.  Similarly, it does not include Juniper's contentions regarding assignor estoppel, remedies, and willfulness.

45.     Defendant contends that during this liability phase of the litigation to be tried to a jury commencing on February 24, 2014, it will rebut Plaintiff's assertion that the Accused Products infringe any of the Asserted Claims, and (if assignor estoppel is not applied) it will prove that the Asserted Claims of the Asserted Patents (excluding U.S. Patent Nos. 7,650,634, 7,734,752) are invalid.  Defendant also contends that it will prove that it should be awarded its costs and expenses, and that this is an exceptional case warranting an award to Defendant of its attorneys' fees under 35 U.S.C. § 285 or the Court's equitable power.  This statement is non-limiting and does not include, for example, the proofs that Defendant may offer in rebuttal to Plaintiff's presentation.  Similarly, it does not include Defendant's contentions regarding assignor estoppel, remedies, and willfulness.

## VIII.  PENDING MOTIONS

46.     On June 13, 2013, Plaintiff moved to preclude portions of Defendant's non-infringement report pursuant to Fed. R. Civ. P. 37(c)(1).  (D.I. 135).  That motion is opposed. On November 15, 2013, the Court held an evidentiary hearing in connection with this motion, during which Juniper's expert, Dr. Rubin, and PAN's expert, Dr. Mitzenmacher, both testified.

47.     On August 20, 2013, Plaintiff moved for summary judgment that PAN literally infringes U.S. Patent Nos. 7,107,612, 6,772,347, and 7,779,459, and for partial summary judgment that PAN practices elements of the asserted claims of U.S. Patent Nos. 7,107,612, 6,772,347, 7,779,459, 7,650,634, 8,077,723, 7,734,752, and 7,302,700.  (D.I. 177).  On September 12, 2013, Defendant cross-moved for summary judgment of non-infringement of U.S. Patent Nos. 7,107,612, 6,772,347, 7,779,459, 7,650,634, 8,077,723, 7,734,752, and 7,302,700. (D.I. 203).  Those motions are opposed.  Oral argument on these motions was held on November 15, 2013.

48.     On August 20, 2013, Plaintiff moved for summary judgment of Assignor Estoppel.  (D.I. 173).  That motion is opposed.  Oral argument on this motion was held on November 15, 2013.

49.     On August 20, 2013, Defendant moved for summary adjudication of anticipation and obviousness for U.S. Patent Nos. 7,107,612 and 6,772,347.  (D.I. 171).  On September 12, 2013, Plaintiff cross-moved for summary adjudication of the anticipation defenses raised in Defendant's motion.  (D.I. 204).  Those motions are opposed.  Oral argument on these motions was held on November 15, 2013.

## IX.  PROPOSED AMENDMENTS TO PLEADINGS

50.     Each party reserves any right to seek to amend its pleadings as permitted by law.

## X. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

51.     The parties certify that two-way communications have occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement. No agreement has been reached.

## XI. OTHER MATTERS THE PARTIES WISH TO ADDRESS AT THE PRETRIAL CONFERENCE

52.     Juniper seeks resolution of the following evidentiary issues:

a.     PAN recently suggested that it will argue that it reasonably believed it did not infringe the patents-in-suit. PAN should not be permitted to present any such argument or evidence, as PAN's witnesses alternatively claimed lack of knowledge or privilege regarding analysis of the patents-in-suit (*e.g.*, Stevens Depo. at 140:4-13; McLaughlin Depo. at 64:8-24). Moreover, PAN did not disclose any such argument or evidence, or any witness allegedly knowledgeable on the topic, during fact or expert discovery.

b.     PAN intends to present argument and evidence to the jury that PAN believes the lawsuit was motivated by a December 2011 analyst report ("Gartner report") or PAN's 2012 IPO. *See* McLaughlin Proffer (stating that Mr. McLaughlin may testify to his "view . . . that Juniper's lawsuit was driven by [the] 2011 Gartner report" or PAN's "2012 Initial Public Offering."). Juniper's motive for enforcing its patent rights is irrelevant. Moreover, the evidence that PAN intends to use (Mr. McLaughlin's testimony and the Gartner report) is speculative and consists of multiple layers of hearsay from third parties.

c.     PAN has indicated that it will attempt to introduce purported prior art at trial, notwithstanding assignor estoppel. Such evidence is irrelevant and inadmissible. Practicing the prior art is not a defense to literal infringement. PAN also contends that prior art can provide an "ensnarement" defense to infringement under the doctrine of equivalents, but it is

well established that ensnarement is an issue of law for the Court. Moreover, PAN has not preserved any ensnarement or practicing the prior art defense, as PAN did not disclose any non-infringement contention (and PAN's expert did not disclose any opinion) that any PAN product practices any particular prior art approach.

        d.     Similarly, PAN has indicated that it will attempt to introduce prosecution history estoppel arguments or evidence at trial, including arguments based on Examiner comments in orders denying PAN's requests for reexamination that are *not* part of the prosecution history. Such argument and evidence is inadmissible. Even if it were relevant to this case, prosecution history estoppel is an issue of law for the Court. Moreover, Juniper had no involvement in PAN's unsuccessful requests for reexamination (indeed, Juniper was statutorily barred from responding to them, since the PTO declined to re-open prosecution).

        e.     PAN appears to have included PAN patents on its exhibit list. However, such patents are not relevant to PAN's infringement of the Juniper patents. Moreover, the patents were not produced during the discovery period or disclosed in any expert report. Accordingly, argument and evidence by PAN concerning its patents is inadmissible.

        f.     PAN should not be permitted to provide testimony that is not based on personal knowledge, including: (i) Testimony from Mr. McLaughlin or others that PAN first learned of the asserted patents through the filing of the lawsuit (among other grounds, he does not have personal knowledge of the alleged fact); (ii) Testimony from Mr. McLaughlin or others regarding any alleged differences between Juniper and PAN's products (among other grounds, Mr. McLaughlin acknowledged at deposition that he has not personally done any such comparison, and PAN did not disclose any witness as knowledgeable on this issue); and (iii) Testimony from former Juniper and NetScreen employees now at PAN about their work at

Juniper and NetScreen, where such individuals were not disclosed as knowledgeable about such topics, and at their depositions largely (sometimes entirely) disclaimed memory thereof.

g.     To the extent any invalidity issues are addressed at trial, PAN should not be permitted to present argument or evidence regarding alleged prior art references absent a threshold showing that such references indeed constitute prior art.

h.     PAN should not be permitted to present improper "experiments" or other testimony or evidence based on materials not made available to Juniper during discovery (e.g., new opinions and documents submitted during summary judgment stage re: Julkunen publication).

i.     PAN should not be permitted to present argument or evidence regarding claim elements as to which no evidence was identified in PAN's interrogatory responses and expert reports.

53.    PAN seeks resolution of the following evidentiary issues:

a.     **Exclusion of any evidence and argument that would create jury bias regarding any matters unrelated to patent infringement and validity**:  This phase of the case is limited to deciding the issues of patent infringement and validity.  Any evidence unrelated to the issues of infringement and validity and likely to create jury bias should be excluded.

b.     **Exclusion of evidence and argument regarding the circumstances leading up to Nir Zuk's departure from Juniper**:  Juniper has put exhibits on its proposed exhibit list (e.g., PTX 142, 155, 159, 160, 273, 275, 488, 757, 836) that it may attempt to use (together with witness testimony) to suggest that PAN founder and CTO Nir Zuk improperly worked to develop a competing business and technology while still employed at Juniper in 2004 and 2005.  Such evidence and argument should be excluded because (1) it is irrelevant to the

issues of patent infringement and validity and would be unduly prejudicial, and (2) there is no claim in this case for breach of any employment agreement to which such evidence might be relevant.

        c.       **Exclusion of evidence and argument suggesting that Mr. Zuk or others at PAN misappropriated and copied Juniper's IP**:  Juniper has put exhibits on its proposed exhibit list (e.g., PTX 15, 17, 105, 322, 441, 444) that it may attempt to use (together with witness testimony) to suggest that Mr. Zuk took Juniper's intellectual property with him when he left Juniper, and that PAN engineers copied from Juniper technical documents and/or deliberately used proprietary Juniper ideas in developing PAN's product.  Such evidence and argument should be excluded as irrelevant and unduly prejudicial because (1) there is no claim in this case for misappropriation of trade secrets to which such evidence might be relevant; and (2) the evidence is irrelevant to infringement, as Juniper has not and cannot show a nexus between the allegedly stolen IP and PAN's allegedly infringing features.

        d.       **Preclusion of Dr. Rubin from testifying about prior art, prosecution histories, or any other matter not disclosed in his expert report**:  PAN's non-infringement expert, Dr. Mitzenmacher, disclosed his opinion and may opine at trial that the Asserted Patents are not infringed based on disclaimers made by Juniper during the prosecution of the Asserted Patents, or because PAN is practicing the prior art.  Juniper's infringement expert, Dr. Rubin, did not disclose any opinion in his expert report or during his deposition regarding the prosecution histories and prior art in connection with infringement.  Dr. Rubin should be held to the opinions disclosed in his report and should be precluded from offering testimony, whether on direct or rebuttal, beyond those opinions.

e. **Exclusion of evidence and argument regarding allegedly "confidential" documents of other companies in PAN's possession**: Juniper has put exhibits on its proposed exhibit list (e.g., PTX 80, 106, 108, 129, 510) that it may attempt to use (together with witness testimony) to suggest that PAN has a history of obtaining and using allegedly "confidential" documents of other companies without permission. This evidence is irrelevant to the issue of infringement, as it has no nexus to PAN's allegedly infringing features, and it would be needlessly time-consuming and confusing if PAN had to explain the circumstances in which the documents came into PAN's possession.

f. **Exclusion of evidence and argument regarding the financial information of Juniper or PAN, including amounts spent on research and development**: Juniper has put exhibits on its proposed exhibit list (e.g., PTX 264-267, 781) that it may attempt to use (together with witness testimony) to compare the research and development expenditures of Juniper and PAN. Such evidence and argument should be excluded as irrelevant to the issues of patent infringement and validity and unduly prejudicial, and it would be needlessly time-consuming and confusing if PAN had to explain the differences between PAN and Juniper that account for the differences in R&D spending.

g. **Exclusion of evidence and argument regarding settlement discussions**: Under Fed. R. Evid. 408, any evidence or argument regarding settlement discussions between the parties should be excluded.

h. **Exclusion of any reference to *Wang v. Palo Alto Networks***: Juniper should be precluded from referencing the lawsuit of *Wang v. Palo Alto Networks*, Case. 3:12-cv-5579 (N.D. Cal.), which is currently pending in the Northern District of California. Any reference to the existence and status of the lawsuit, the claims and allegations asserted, the

asserted patents, or any other information about the case should be excluded as irrelevant to the issues of patent infringement and validity in this case and potentially prejudicial.

54. **The parties' statements with respect to witness proffers:**

**Juniper's statement with respect to witness proffers**: The Court ordered the parties to provide proffers for "undeposed" witnesses by January 6, 2014. Other than custodians of records, the Juniper witnesses identified by PAN above were deposed. Accordingly, the permissible scope of testimony is governed by the same disclosure requirements as it would be for any other trial witness.

**PAN's statement with respect to witness proffers**: On January 6, 2014, pursuant to the Court's order, Juniper and PAN served proffers of the trial testimony of Pradeep Sindhu (Juniper), Scott Kriens (Juniper), Brian Szeto (Juniper), Heidi Woods (Juniper), "Custodian of Records" (Juniper), and Mark McLaughlin (PAN). The testimony of those witnesses at trial should be limited to the testimony (including specific examples) disclosed in the proffers. The parties reserve the right to object to any or all of the testimony disclosed in the proffers.

55. **The parties' statements regarding inter partes reviews and reexaminations**.

**Juniper's statement**: PAN attempted to challenge each of the patents-in-suit in the PTO. For the '347 and '723 patents, the PTO rejected PAN's request for *inter partes* reexamination without re-opening prosecution. For the '634 and '700 patents, the PTO initially granted PAN's requests, but ultimately issued Actions Closing Prosecution confirming the validity of all claims. For the '459 patent, the PTO granted reexamination on some claims, and ultimately issued an Action Closing Prosecution confirming the validity of some additional claims and rejecting others. *Inter partes* review of the '612 patent was initiated in December of

2013, and is in its early stages.  PAN has also requested *Inter partes* review of the '752 patent.

Juniper does not believe these PTO proceedings have relevance to the pre-trial conference, but in

view of PAN's inclusion of a statement regarding PTO proceedings is including this statement to

present a balanced overview.

> **PAN's statement**:  Five of the Asserted Patents are the subject of pending inter
partes reviews or reexaminations.  The Patent Trial and Appeal Board ("PTAB") recently
granted an inter partes review of the '612 patent, and trial is proceeding.  The PTAB also
recently granted an inter partes review of the '752 patent.  The '634 patent is the subject of an
inter partes reexamination, currently on appeal before the PTAB.  The '700 patent and the '459
patent are the subject of pending inter partes reexaminations.  For the '459 patent, nearly all of
the claims currently stand rejected.

> 56.  **The parties' statements regarding number of asserted claims**:

> **Juniper's statement**:  Juniper has substantially reduced the number of asserted
claims already through meet and confer, and is willing to further streamline the number of
asserted claims for the February 24, 2014 trial.  Juniper believes that further streamlining will be
most efficient after the parties' summary judgment and Markman disputes have been decided.

> **PAN's statement:**  PAN contends that the assertion of 65 claims from 7 patents is
too many to present to a jury in a 10-day trial.  The issue of reducing the asserted claims to a
manageable number was discussed with the Court at the discovery conference on May 9, 2013.
The Court deferred decision on the issue, but observed that it was "a discussion that has to be
had."  (5/9/13 Conf. Tr. at 69.)  The subject was again discussed with the Court during a
telephonic conference on August 13, 2013, and the Court directed the parties to attempt to work
the issues out.  To ensure that the liability trial in this case is manageable and to enhance juror

comprehension, it is PAN's position that Juniper should be allowed to present at trial no more than two claims per patent.

57. **PAN's statement regarding possible bench trial on assignor estoppel:** If the Court does not resolve the assignor estoppel issues in connection with Juniper's pending summary judgment motion, then a bench trial may be necessary to resolve those issues. The parties will be prepared at the pretrial conference to discuss the timing of a bench trial.

## XII. OTHER MISCELLANEOUS ISSUES

58. **Expected Duration of Trial.** The parties believe that the issues in dispute should be set to be tried in 10 days, with the time being equally divided between Plaintiff and Defendant.

59. **Service of Documents**. Service of all documents required under this Order shall occur by electronic mail (or, if documents required to be served are prohibitively large, by e-mail and FTP site).

60. **Courtroom Access**. The parties request that the Court grant access to the courtroom in advance of trial for purpose of setting up electronic and computer devices.

61. **Juror Information**. The parties may provide to each juror a jury notebook containing the Asserted Patents. The parties will meet and confer to determine whether agreement can be reached on any other items to be included in the notebook.

## XIII. ORDER TO CONTROL COURSE OF ACTION

62. This Order shall control the subsequent course of action unless modified by the Court to prevent manifest injustice.[2]

---

[2] The parties reserve their respective rights to propose modifications to this Order, including the exhibits thereto, based on subsequent rulings of the Court or for other good cause.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jennifer Ying
_____
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19801
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Plaintiff Juniper Networks, Inc.*

OF COUNSEL:

Morgan Chu
Jonathan S. Kagan
Talin Gordnia
IRELL & MANELLA, LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
(310) 277-1010

Lisa S. Glasser
David C. McPhie
Rebecca Clifford
IRELL & MANELLA LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660
(949) 760-0991

POTTER ANDERSON & CORROON LLP

/s/ Philip A. Rovner
_____
Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
1313 North Market Street
Hercules Plaza
Wilmington, DE  19801
(302) 984-6140
provner@potteranderson.com
jchoa@potteranderson.com
*Attorneys for Defendant Palo Alto Networks, Inc.*

OF COUNSEL:

Harold J. McElhinny, Esquire
Michael A. Jacobs, Esquire
Matthew A. Chivvis, Esquire
Matthew I. Kreeger, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105

Daralyn J. Durie
Ragesh K. Tangri
Ryan M. Kent
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA  94111

January 30, 2014