IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JUNIPER NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 11-1258-SLR |
| | ) | |
| PALO ALTO NETWORKS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

At Wilmington this 6th day of March, 2014, having reviewed the submissions by the parties regarding the second phase of trial, and having reviewed the record;

IT IS ORDERED that the second phase of trial will not go forward, for the reasons that follow:

1. The court bifurcated trial in the above case into two phases - direct infringement and indirect infringement. The reasons for doing so stem from the parties' efforts to justify the admission of evidence that is totally irrelevant to the question of direct infringement based on the "knowledge" and "intent" prongs of the induced infringement standard.[1] See Akamai Tech., Inc. v. Limelight Networks, Inc., 692 F.3d 1301, 1308 (Fed. Cir. 2012). Rather than try to manage the latter issues, stemming largely from the parties' contentious history, the court bifurcated trial and limited the evidence (an expert witness and a corporate representative) that the parties could present in the direct infringement (phase one) part of the trial.

2. In its bifurcation order (D.I. 263), the court opined that the indirect

---

[1] See, e.g., D.I. 249 at 12-18; D.I. 263.

infringement trial (phase two) would not be necessary if there were no findings of direct infringement. Juniper objected (D.I. 267), specifically pointing to an alternate defense of divided infringement theory posited by PAN in its interrogatory responses and the explanation provided by the Federal Circuit in *Akamai*, to wit, that a party may be found liable for induced infringement even in the absence of direct infringement "where the infringing conduct is split among more than one other entity." 692 F.3d at 1308. The court determined to wait to see how the evidence was presented and what verdict was returned before making a final decision.

3. Although the verdict has not been returned, the court understands that the parties will be working toward a stipulated resolution in the event of a Juniper verdict. The parties are hotly disputing the appropriateness of phase two if the jury returns a PAN verdict. The court agrees with PAN that no further trial is warranted based on the record presented at trial. Although Juniper claims that it was prejudiced by the limits on evidence in phase one, the question before the court is whether a divided infringement case was presented by PAN. The answer to that question is "No." There can be no dispute that PAN stipulated to the fact that both it and its customers have used each of the accused products and features. Neither of the experts opined on the theory of divided infringement in either their expert reports or at trial. The fact that the "user" manual of the accused products was a key document (admitted in the first instance by Juniper and used at great length by its expert) and that the word "users" arguably was applied in some instances to both PAN and its customers does not translate into a divided infringement defense that was neither specifically presented nor argued by PAN.

4. Therefore, at this point in time, based on the record created at trial, the court does not contemplate going forward with a phase two of trial on induced infringement.

_____
United States District Judge